

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00371-CR

DANNY DEWAYNE RANDELL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 242nd District Court
Hale County, Texas
Trial Court No. B18744-1105, Honorable Edward Lee Self, Presiding

January 7, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Danny Dewayne Randell was convicted of the state jail felony offense of theft[1] and sentenced to two years in a state jail facility.  We affirmed the trial court's judgment on direct appeal, in Cause No. 07-11-00493-CR.  *See Randell v. State,* No. 07-11-00493-CR, 2013 Tex. App. LEXIS 742 (Tex. App.—Amarillo Jan. 25, 2013, pet. ref'd) (mem. op., not designated for publication).  He is serving his state jail sentence.

---

[1] *See* TEX. PENAL CODE ANN. § 31.03 (WEST 2012).

On November 4, 2013, Randell, acting *pro se*, filed with the trial court a "request for time served for court costs and fines." The trial court denied his request and Randell filed notice of appeal of the denial. The document Randell filed with the trial court is very short, and contained no explanation either of the specific relief he was requesting or of the basis for his claimed entitlement to relief.

Randell describes his request in more detail in his brief filed in this Court. Here, he asserts his request for time served for court costs and fines was based on article 43.09(b) of the Texas Code of Criminal Procedure.[2] He contends the trial court abused its discretion in denying his request. Article 43.09(b) provides:

> In its discretion, the court may order that for each day's confinement served by a defendant under this article, the defendant receive credit toward payment of the pecuniary fine and credit toward payment of costs adjudged against the defendant. Additionally, the court may order that the defendant receive credit under this article for each day's confinement served by the defendant as punishment for the offense.

> TEX. CODE CRIM. PROC. ANN. art. 43.09(b) (West 2012).

Assuming, without deciding, that the article applies to those confined in a state jail, we note first that by its terms, the relief described in article 43.09 is discretionary with the trial court. Nothing in the record presented us shows an abuse of discretion by the trial court in denying Randell's request. On appeal, Randell points out the trial court found him to be indigent during his underlying prosecution, and asserts he still is indigent. We cannot agree that a trial court abuses its discretion merely by denying relief under article 43.09(b) to a defendant who is indigent. If that were the case, a

---

[2] Randell also briefly mentions section 501.014 of the Government Code, s*ee* TEX. GOV'T CODE ANN. § 501.014 (West 2012), but does not offer argument pertaining to that section.

significant percentage of defendants automatically would qualify for relief under the article and its grant no longer would be discretionary with the court.

As part of his argument, Randell also cites article 43.091 of the Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 43.091 (West 2012). However, that section speaks to a default in payment of a fine or cost. The trial court's judgment of conviction orders Randell to pay any unpaid fine or cost on his release from confinement. Since he has not yet been released, he is not in default of payment. Accordingly, the trial court did not abuse its discretion by failing to order relief under article 43.091.

Seeing no abuse of discretion in the trial court's action, we overrule Randell's issues and affirm the order of the trial court.

James T. Campbell
Justice

Do not publish.